UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY LAMONT MOSLEY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | Case No. 2:14-cv-003-JMS-WGH |

**Entry and Order Dismissing Action**

**I.**

**A.**

Corey Lamont Mosley seeks a writ of habeas corpus pertaining to his convictions in an Indiana state court in 1997 of several offenses. By way of background, Mosley had been charged with three counts of conspiracy to commit murder, two counts of murder, conspiracy to commit robbery, robbery, and attempted murder. In a signed plea agreement with the State, Mosley pled guilty to murder, attempted murder, and two counts of conspiracy to commit murder. The State agreed to dismiss the remaining charges and to not seek the death penalty. In addition, the plea agreement did not prevent the State from pursuing a sentence of life without parole, which was the sentence the trial court ultimately imposed on August 22, 1997.

There was no direct appeal filed. An action for post-conviction relief was filed on August 24, 2004. Mosley withdrew that petition on February 16, 2005, and then filed his second petition for post-conviction relief four years later on May 20, 2009. The second post-conviction relief action remained pending in the Indiana state courts until October 10, 2013. The State of Indiana has opposed Mosley's habeas petition on procedural grounds. Mosely has not replied.

**B.**

The State's first argument is that Mosley's habeas petition was not timely filed.

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the AEDPA, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision provides that:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day* [*v. McDonough,* 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012).

Mosley's conviction and sentence became final on September 21, 1997, the last day on which he could have filed an appeal with respect to the imposition of sentence on August 22, 1997. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987) (stating a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Thus, Mosley had one year from September 21, 1997, to file his petition for federal collateral review or otherwise toll the statute of limitations. *See* § 2244(d)(1)(A).

Mosley's habeas petition was signed and placed in the institution mail on January 7, 2014. Even applying the prison mailbox rule, *see Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999), Mosley filed his petition for writ of habeas corpus 15 years and three months past the date the 1-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1)(A)) had expired. (Other provisions of § 2244(d)(1) are inapplicable here.) It is true that during this period Mosley filed

and pursued post-conviction relief. However, by the time the post-conviction relief action was first filed in August 2004, the statute of limitations had been expired for nearly eight years. The consequence of this is that the actions for post-conviction relief have no impact on the computation of the statute of limitations in § 2244(d)(1). *Fernandez v. Sternes*, 227 F.3d 977, 978–79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). His post-conviction actions also failed to restart the one-year statute of limitations); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[W]hat [§ 2244(d)](2) does is *exclude* particular time from the year, not *restart* that year."); *Teas v. Endicott*, 494 F.3d 580, 581–82 (7th Cir. 2007) (holding state court adjudication of a collateral attack on a prisoner's conviction more than one year after the expiration of the one year time limit does not "restart" the statute of limitations under § 2244(d)).

The first argument, that the habeas petition was not timely filed, is accepted.

## C.

The State also argues that Mosley has committed unexcused procedural default because he did not include his habeas claims in his petition to transfer filed with the Indiana Supreme Court. The expanded record establishes that the only claim raised in the petition to transfer related to the defense of laches, that claim is not raised here.

Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). This includes a defendant's failure to seek discretionary review from a state's highest court in a collateral proceeding challenging the defendant's conviction. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("'[S]tate prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). Mosley has shown neither of these circumstances and in consequence the court is unable to reach the merits of his habeas claims.

### D.

The State also raises a residual matter.

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

Mosley's habeas petition includes several claims based on the asserted violation of provisions of the Indiana Constitution. Consistent with the foregoing, however, such claims are not cognizable under § 2254(a) and are therefore dismissed.

**E.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Mosley has encountered the hurdles of non-cognizable claims under 28 U.S.C. § 2254(a), the statute of limitations, and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.**

Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 Proceedings, and 28 U.S.C. ' 2253(c), the court finds that Mosley has failed to show that failed to show that reasonable jurists would find it Αdebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 04/09/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Corey Lamont Mosley
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

Electronically Registered Counsel